**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MATTHEW WIGGINS, | ) | 3:16-cv-00642-HDM-WGC |
|         Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| ANDREW SEELEY, RICHARD OOMS, and TIFFANY OOMS SEELEY, | ) | |
|         Defendants. | ) | |

Before the court is defendants Andrew Seeley, Richard Ooms and Tiffany Seeley's motion to dismiss for improper venue or transfer. (ECF No. 6). Plaintiff responded (ECF No. 12) and defendants replied (ECF No. 14).

Also before the court is plaintiff's motion to remand. (ECF No. 13). Defendants responded (ECF No. 16) and plaintiff replied (ECF No. 17).

**I.  Background**

This dispute arises out of a contract entered into on May 26, 2016. (ECF No. 2 at 6). According to the complaint, defendants failed to make the full payments as agreed upon under the contract.

1

(*Id.* at 7).  As a result, plaintiff alleges that defendants owe him $79,316.39.  (*Id.* at 8).

On September 22, 2016, plaintiff filed a complaint for breach of contract in Ninth Judicial District in and for the State of Nevada. (ECF No. 2 at 6-9).  On November 7, 2016, defendants removed the action to this court pursuant to 28 U.S.C. § 1332(a).  (ECF No. 2).

Defendants move to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or to transfer the case to the Southern District of California pursuant to 28 U.S.C. § 1404. (ECF No. 6).  Plaintiff moves to remand the action to Douglas County, Nevada in accordance with the forum selection clause set forth in the Private Investment Agreement.  (ECF No. 13).  The court addresses each motion in turn.

**II.  Motion to Dismiss for Improper Venue**

Defendants move the court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.  Venue of removed actions is governed by 28 U.S.C. § 1441(a).  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953) (holding that 28 U.S.C. § 1391 has no application in removed actions).  Section 1441(a) provides that, when an action is removed from state court, venue is automatically proper in the federal district court where the state action was pending.  28 U.S.C. § 1441(a).  There is only one official federal judicial district in the state of Nevada.  Therefore, venue is proper in this court.  Defendants' motion to dismiss for improper venue is denied.

**III. Motion to Transfer**

Defendants also request the court transfer the action to the Southern District of California for the convenience of the parties and

2

witnesses. Section 1404 establishes that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

In determining whether transfer is appropriate in a particular case, the court is required to weigh multiple factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The court may consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. The presence of a forum selection clause is also a "significant factor" in the court's § 1404(a) analysis. *Id.* A "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citation omitted).

Defendants request the court to transfer venue of this case to the Southern District of California. As an initial matter, defendants assert that the matter may be properly brought in the Southern District of California as all defendants are California residents and live in San Diego. *See* 28 U.S.C. 1391(b)(1). In support of transfer, defendants state that, other than plaintiff, all parties encumbered by the Private Investment Agreement reside in California, travel to Nevada would be a hardship on defendants, defendants may call some

3

witnesses who are residents in California, any documents that relate to the operations of Getaway San Diego will be located in California, and that nearly all operative facts occurred in California. Defendants further assert that "[t]here are financial institutions and witnesses in California that may need to be subpoenaed and may not be willing to testify." (ECF No. 6 at 9).

Defendants provide no evidence or affidavit to support the contention regarding financial institutions or witnesses in California that may not be willing to testify. Defendants also fail to explain why travel to Nevada would be more expensive for them than it would be for plaintiff to travel to California. Additionally, defendants fail to address the significance of the forum selection clause in the Private Investment Agreement. The Private Investment Agreement provides that "[t]his agreement will be governed and construed in accordance with the laws of Douglas County, Nevada. Jurisdiction is Douglas County, Nevada." (ECF No. 6 at 12).

A valid forum selection clause "represents the parties' agreement as to the most proper forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 581 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). Here, plaintiff followed the terms of the forum selection clause under the Private Investment Agreement by filing suit in Douglas County, Nevada. As discussed below, defendants do not dispute the validity of the forum selection clause. Moreover, Nevada is most familiar with the governing law and plaintiff is a Nevada resident. Accordingly, weighing the factors for and against transfer, the court finds that transfer would not promote "the interest of justice." Defendant's motion to transfer is therefore denied.

4

**IV.   Motion to Remand**

Plaintiff seeks to remand this action based upon a forum selection clause in the contract which states, "Jurisdiction is Douglas County, Nevada." (ECF No. 12-1 at 3). Defendants do not dispute the validity of the forum selection clause. Rather, defendants argue that the forum selection clause is permissive, not mandatory, and that removal is not barred.

A forum selection clause will be enforced only where venue is specified with mandatory language. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). The question of whether a forum selection clause is permissive or mandatory is a question of contract interpretation. *N. California Dist. Council of Laborers v. Pittsburgh-Des Moines, Inc.*, 69 F.3d 1034, 1036 (9th Cir. 1995).

"To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Id.* at 1037. For example, the Ninth Circuit held that the clause containing the language that "venue of any action brought hereunder shall be deemed to be in Glouscester County, Virginia" is mandatory. *Docksider,* 875 F.2d at 764. Similarly, in *Pellport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275 (9th Cir. 1984) the Ninth Circuit held the clause "this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in not other) . . ." is mandatory. On the other hand, a forum selection clause providing a particular court or state has jurisdiction, but says nothing about it being exclusive jurisdiction, is permissive and generally will not be enforced. *See N. California Dist. Council of Laborers*, 69 F.3d at 1037 (holding that the language 'shall be enforceable' is permissive); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir.

5

1987)(holding the language "shall have jurisdiction over the parties in any action" is permissive).

The forum selection clause in the parties' Private Investment Agreement provides that "Jurisdiction is Douglas County, Nevada." The clause specifies that jurisdiction will be in Douglas County, but it fails to contain any language about Douglas County having exclusive jurisdiction. Hence, the forum selection clause is permissive and the action was properly removed to this court. Accordingly, plaintiff's motion to remand is denied.

**V.   Conclusion**

**IT IS ORDERED** that defendants' motion to dismiss or transfer (ECF No. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to remand (ECF No. 13) is **DENIED.**

IT IS SO ORDERED.

DATED: This 13th day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE